IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| **AZURE NETWORKS, LLC and TRI-COUNTY EXCELSIOR FOUNDATION,** § § § § | | |
| *Plaintiffs*, § § | | |
| v. § § | Civil Action No. 6:11-cv-139 | |
| **CSR PLC, CAMBRIDGE SILICON RADIO INTERNATIONAL LLC, ATHEROS COMMUNICATIONS, INC., BROADCOM CORPORATION, MARVELL SEMICONDUCTOR, INC., QUALCOMM INCORPORATED, RALINK TECHNOLOGY CORPORATION [TAIWAN], RALINK TECHNOLOGY CORPORATION [USA], and TEXAS INSTRUMENTS INC.,** § § § § § § § § § § § § | **JURY TRIAL DEMANDED** | |
| *Defendants*. § | | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiffs Azure Networks, LLC ("Azure") and Tri-County Excelsior Foundation ("TCEF") complain against Defendants CSR plc and Cambridge Silicon Radio International LLC (collectively "CSR"); Atheros Communications, Inc. ("Atheros"); Broadcom Corporation ("Broadcom"); Marvell Semiconductor, Inc. ("Marvell"); Qualcomm Incorporated ("Qualcomm"); Ralink Technology Corporation [Taiwan] and Ralink Technology Corporation [USA] (collectively "Ralink"); and Texas Instruments Inc. ("Texas Instruments"), as follows:

**PARTIES**

1. Plaintiff Azure is a Texas limited liability company having its principal place of business in Longview, Texas.

2. Plaintiff TCEF is a Texas non-profit corporation intended to qualify as an entity exempt from income tax as an organization described in Internal Revenue Code section 501(c)(3) and as a supporting organization described in Internal Revenue Code section 509(a)(3)(B)(i) (a "Type 1 Supporting Organization") to Casa of Harrison County, a Texas non-profit corporation exempt from income tax under section 501(c)(3) of the Internal Revenue Code, having its principal place of business in Marshall, Texas.

3. On information and belief, Defendant CSR plc is a United Kingdom company having its principal place of business in Cambridge, England.

4. On information and belief, Defendant Cambridge Silicon Radio International LLC is a Delaware limited liability company having its principal place of business in Auburn Hills, Michigan.

5. On information and belief, Defendant Cambridge Silicon Radio International LLC is a wholly-owned indirect subsidiary of Defendant CSR plc.

6. On information and belief, Defendant Atheros is a Delaware corporation having its principal place of business in Santa Clara, California.

7. On information and belief, Defendant Broadcom is a California corporation having its principal place of business in Irvine, California.

8. On information and belief, Defendant Marvell is a California corporation having its principal place of business in Santa Clara, California.

9. On information and belief, Defendant Qualcomm is a Delaware corporation having its principal place of business in San Diego, California.

10. On information and belief, Defendant Ralink Technology Corporation [Taiwan] is a Taiwanese corporation having its principal place of business in Jhubei City, Taiwan, R.O.C.

11. On information and belief, Defendant Ralink Technology Corporation [USA] is a California corporation having its principal place of business in Cupertino, California.

12. On information and belief, Defendant Ralink Technology Corporation [USA] is a subsidiary of Defendant Ralink Technology Corporation [Taiwan].

13. On information and belief, Defendant Texas Instruments is a Delaware corporation having its principal place of business in Dallas, Texas.

## JURISDICTION AND VENUE

14. This action arises under the patent laws of the United States, Title 35 of the United States Code.  Thus, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

15. On information and belief, each Defendant, directly or through intermediaries, has transacted business in this district and has committed acts of patent infringement in this district. Thus, venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).

16. On information and belief, each Defendant has conducted substantial business in this forum, directly or through intermediaries, such substantial business including but not limited to:  (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.  Thus,

each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute.

## COUNT I
## DIRECT AND INDIRECT INFRINGEMENT OF U.S. PATENT NO. 7,756,129

17.     Plaintiff TCEF is the owner by assignment of United States Patent No. 7,756,129 ("the '129 Patent") entitled "Personal Area Network with Automatic Attachment and Detachment." The '129 Patent was duly and legally issued on July 13, 2010. A true and correct copy of the '129 Patent is attached as Exhibit A.

18.     Plaintiff Azure is the exclusive licensee of the '129 Patent, having an exclusive, worldwide, transferable, retroactive and prospective license ("the License") under the '129 Patent, with the right to sublicense others, to (i) make, have made, use, sell, offer to sell, import and lease any products, (ii) use and perform any method, process, and/or services, and (iii) otherwise practice any invention in any manner, such that Azure has the full right to enforce and/or sublicense the '129 Patent without any restriction, subject to certain encumbrances. Azure further has the exclusive right under the License to maintain, enforce, or defend the '129 Patent, including without limitation pursuing and collecting damages, royalties, and other payments and obtaining injunctive relief and other remedies for past, current and future infringement of the '129 Patent and pursuing and entering into any settlement related to a claim of infringement.

19.     On information and belief, Defendant CSR has been and now is directly infringing the '129 Patent in the State of Texas, in this judicial district, and elsewhere in the United States. CSR's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Bluetooth chip solutions, including without limitation the CSR9000, that infringe one or more

claims of the '129 Patent, and any other product made, used, offered for sale, and/or sold by CSR that infringes one or more claims of the '129 Patent. CSR is thus liable for direct infringement of the '129 Patent pursuant to 35 U.S.C. § 271(a).

20.     On information and belief, at least since the filing of this Complaint, Defendant CSR has been and now is actively inducing infringement of the '129 Patent in the State of Texas, in this judicial district, and elsewhere in the United States. CSR's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing OEMs to make, use, offer for sale, and/or sell within the United States, and/or import into the United States, computers and devices that implement at least the CSR9000, which computers and devices CSR knows or should know infringe one or more claims of the '129 Patent. CSR is thus liable for inducing infringement of the '129 Patent pursuant to 35 U.S.C. § 271(b).

21.     On information and belief, at least since the filing of this Complaint, Defendant CSR has been and now is contributing to infringement of the '129 Patent in the State of Texas, in this judicial district, and elsewhere in the United States. CSR's contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, at least the CSR9000, which constitutes a material part of the invention recited in one or more claims of the '129 Patent, knowing the CSR9000 to be especially made or especially adapted for use in an infringement of the '129 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use. CSR is thus liable for contributory infringement of the '129 Patent pursuant to 35 U.S.C. § 271(c).

22.     On information and belief, Defendant Atheros has been and now is directly infringing the '129 Patent in the State of Texas, in this judicial district, and elsewhere in the United States. Atheros's direct infringements include, without limitation, making, using,

offering for sale, and/or selling within the United States, and/or importing into the United States, at least Bluetooth chip solutions, including without limitation the Atheros AR3011, that infringe one or more claims of the '129 Patent, and any other product made, used, offered for sale, and/or sold by Atheros that infringes one or more claims of the '129 Patent.  Atheros is thus liable for direct infringement of the '129 Patent pursuant to 35 U.S.C. § 271(a).

23. On information and belief, at least since the filing of this Complaint, Defendant Atheros has been and now is actively inducing infringement of the '129 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Atheros's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing OEMs to make, use, offer for sale, and/or sell within the United States, and/or import into the United States, computers and devices that implement at least the Atheros AR3011, which computers and devices Atheros knows or should know infringe one or more claims of the '129 Patent.  Atheros is thus liable for inducing infringement of the '129 Patent pursuant to 35 U.S.C. § 271(b).

24. On information and belief, at least since the filing of this Complaint, Defendant Atheros has been and now is contributing to infringement of the '129 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Atheros's contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, at least the Atheros AR3011, which constitutes a material part of the invention recited in one or more claims of the '129 Patent, knowing the Atheros AR3011 to be especially made or especially adapted for use in an infringement of the '129 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.  Atheros is thus liable for contributory infringement of the '129 Patent pursuant to 35 U.S.C. § 271(c).

25. On information and belief, Defendant Broadcom has been and now is directly infringing the '129 Patent in the State of Texas, in this judicial district, and elsewhere in the United States. Broadcom's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Bluetooth chip solutions, including without limitation the Broadcom BCM2070, that infringe one or more claims of the '129 Patent, and any other product made, used, offered for sale, and/or sold by Broadcom that infringes one or more claims of the '129 Patent. Broadcom is thus liable for direct infringement of the '129 Patent pursuant to 35 U.S.C. § 271(a).

26. On information and belief, at least since the filing of this Complaint, Defendant Broadcom has been and now is actively inducing infringement of the '129 Patent in the State of Texas, in this judicial district, and elsewhere in the United States. Broadcom's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing OEMs to make, use, offer for sale, and/or sell within the United States, and/or import into the United States, computers and devices that implement at least the Broadcom BCM2070, which computers and devices Broadcom knows or should know infringe one or more claims of the '129 Patent. Broadcom is thus liable for inducing infringement of the '129 Patent pursuant to 35 U.S.C. § 271(b).

27. On information and belief, at least since the filing of this Complaint, Defendant Broadcom has been and now is contributing to infringement of the '129 Patent in the State of Texas, in this judicial district, and elsewhere in the United States. Broadcom's contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, at least the Broadcom BCM2070, which constitutes a material part of the invention recited in one or more claims of the '129 Patent, knowing the Broadcom

BCM2070 to be especially made or especially adapted for use in an infringement of the '129 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.  Broadcom is thus liable for contributory infringement of the '129 Patent pursuant to 35 U.S.C. § 271(c).

28.     On information and belief, Defendant Marvell has been and now is directly infringing the '129 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Marvell's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Bluetooth chip solutions, including without limitation the Marvell Avastar 88W8787, that infringe one or more claims of the '129 Patent, and any other product made, used, offered for sale, and/or sold by Marvell that infringes one or more claims of the '129 Patent.  Marvell is thus liable for direct infringement of the '129 Patent pursuant to 35 U.S.C. § 271(a).

29.     On information and belief, at least since the filing of this Complaint, Defendant Marvell has been and now is actively inducing infringement of the '129 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Marvell's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing OEMs to make, use, offer for sale, and/or sell within the United States, and/or import into the United States, computers and devices that implement at least the Marvell Avastar 88W8787, which computers and devices Marvell knows or should know infringe one or more claims of the '129 Patent.  Marvell is thus liable for inducing infringement of the '129 Patent pursuant to 35 U.S.C. § 271(b).

30.     On information and belief, at least since the filing of this Complaint, Defendant Marvell has been and now is contributing to infringement of the '129 Patent in the State of

Texas, in this judicial district, and elsewhere in the United States.  Marvell's contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, at least the Marvell Avastar 88W8787, which constitutes a material part of the invention recited in one or more claims of the '129 Patent, knowing the Marvell Avastar 88W8787 to be especially made or especially adapted for use in an infringement of the '129 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.  Marvell is thus liable for contributory infringement of the '129 Patent pursuant to 35 U.S.C. § 271(c).

31. On information and belief, Defendant Qualcomm has been and now is directly infringing the '129 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Qualcomm's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Bluetooth chip solutions, including without limitation the Qualcomm QTR8200 Integrated Bluetooth Controller, that infringe one or more claims of the '129 Patent, and any other product made, used, offered for sale, and/or sold by Qualcomm that infringes one or more claims of the '129 Patent.  Qualcomm is thus liable for direct infringement of the '129 Patent pursuant to 35 U.S.C. § 271(a).

32. On information and belief, at least since the filing of this Complaint, Defendant Qualcomm has been and now is actively inducing infringement of the '129 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Qualcomm's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing OEMs to make, use, offer for sale, and/or sell within the United States, and/or import into the United States, computers and devices that implement at least the Qualcomm QTR8200

Integrated Bluetooth Controller, which computers and devices Qualcomm knows or should know infringe one or more claims of the '129 Patent. Qualcomm is thus liable for inducing infringement of the '129 Patent pursuant to 35 U.S.C. § 271(b).

33. On information and belief, at least since the filing of this Complaint, Defendant Qualcomm has been and now is contributing to infringement of the '129 Patent in the State of Texas, in this judicial district, and elsewhere in the United States. Qualcomm's contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, at least the Qualcomm QTR8200 Integrated Bluetooth Controller, which constitutes a material part of the invention recited in one or more claims of the '129 Patent, knowing the Qualcomm QTR8200 Integrated Bluetooth Controller to be especially made or especially adapted for use in an infringement of the '129 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use. Qualcomm is thus liable for contributory infringement of the '129 Patent pursuant to 35 U.S.C. § 271(c).

34. On information and belief, Defendant Ralink has been and now is directly infringing the '129 Patent in the State of Texas, in this judicial district, and elsewhere in the United States. Ralink's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Bluetooth chip solutions, including without limitation the Ralink RT3090BC4, that infringe one or more claims of the '129 Patent, and any other product made, used, offered for sale, and/or sold by Ralink that infringes one or more claims of the '129 Patent. Ralink is thus liable for direct infringement of the '129 Patent pursuant to 35 U.S.C. § 271(a).

35. On information and belief, at least since the filing of this Complaint, Defendant Ralink has been and now is actively inducing infringement of the '129 Patent in the State of

Texas, in this judicial district, and elsewhere in the United States. Ralink's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing OEMs to make, use, offer for sale, and/or sell within the United States, and/or import into the United States, computers and devices that implement at least the Ralink RT3090BC4, which computers and devices Ralink knows or should know infringe one or more claims of the '129 Patent. Ralink is thus liable for inducing infringement of the '129 Patent pursuant to 35 U.S.C. § 271(b).

36. On information and belief, at least since the filing of this Complaint, Defendant Ralink has been and now is contributing to infringement of the '129 Patent in the State of Texas, in this judicial district, and elsewhere in the United States. Ralink's contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, at least the Ralink RT3090BC4, which constitutes a material part of the invention recited in one or more claims of the '129 Patent, knowing the Ralink RT3090BC4 to be especially made or especially adapted for use in an infringement of the '129 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use. Ralink is thus liable for contributory infringement of the '129 Patent pursuant to 35 U.S.C. § 271(c).

37. On information and belief, Defendant Texas Instruments has been and now is directly infringing the '129 Patent in the State of Texas, in this judicial district, and elsewhere in the United States. Texas Instruments's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Bluetooth chip solutions, including without limitation Texas Instruments WiLink 7.0, that infringe one or more claims of the '129 Patent, and any other product made, used, offered for sale, and/or sold by Texas Instruments that infringes one or more claims of the '129

Patent. Texas Instruments is thus liable for direct infringement of the '129 Patent pursuant to 35 U.S.C. § 271(a).

38. On information and belief, at least since the filing of this Complaint, Defendant Texas Instruments has been and now is actively inducing infringement of the '129 Patent in the State of Texas, in this judicial district, and elsewhere in the United States. Texas Instruments's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing outside equipment manufacturers ("OEMs") to make, use, offer for sale, and/or sell within the United States, and/or import into the United States, computers and devices that implement at least Texas Instruments WiLink 7.0, which computers and devices Texas Instruments knows or should know infringe one or more claims of the '129 Patent. Texas Instruments is thus liable for inducing infringement of the '129 Patent pursuant to 35 U.S.C. § 271(b).

39. On information and belief, at least since the filing of this Complaint, Defendant Texas Instruments has been and now is contributing to infringement of the '129 Patent in the State of Texas, in this judicial district, and elsewhere in the United States. Texas Instruments's contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, at least Texas Instruments WiLink 7.0, which constitutes a material part of the invention recited in one or more claims of the '129 Patent, knowing Texas Instruments WiLink 7.0 to be especially made or especially adapted for use in an infringement of the '129 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use. Texas Instruments is thus liable for contributory infringement of the '129 Patent pursuant to 35 U.S.C. § 271(c).

40. As a result of Defendants' infringement of the '129 Patent, Plaintiffs have suffered monetary damages that are adequate to compensate them for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court enter:

A. A judgment in favor of Plaintiffs that Defendants have directly infringed the '129 Patent;

B. A judgment in favor of Plaintiffs that Defendants have actively induced infringement of the '129 Patent;

C. A judgment in favor of Plaintiffs that Defendants have contributed to infringement of the '129 Patent;

D. A judgment and order requiring Defendants to pay Plaintiffs their damages, costs, expenses, prejudgment and post-judgment interest, and post-judgment royalties for Defendants' direct and indirect infringement of the '129 Patent as provided under 35 U.S.C. § 284; and

E. Any and all other relief to which the Court may deem Plaintiffs entitled.

## DEMAND FOR JURY TRIAL

Plaintiffs, under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any issues so triable by right.

Respectfully submitted,

*/s/ Eric M. Albritton*

Eric M. Albritton
Texas State Bar No. 00790215
ema@emafirm.com
Stephen E. Edwards
Texas State Bar No. 00784008
see@emafirm.com
Debra Coleman
Texas State Bar No. 24059595
drc@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397

T. John Ward, Jr.
Texas State Bar No. 00794818
jw@wsfirm.com
J. Wesley Hill
Texas State Bar No. 24032294
wh@wsfirm.com
WARD & SMITH LAW FIRM
P.O. Box 1231
Longview, Texas 75606-1231
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

Danny L. Williams
Texas State Bar No. 21518050
danny@wmalaw.com
J. Mike Amerson
Texas State Bar No. 01150025
mike@wmalaw.com
Jaison C. John
Texas State Bar No. 24002351
jjohn@wmalaw.com
Christopher N. Cravey
Texas State Bar No. 24034398
ccravey@wmalaw.com

Matthew R. Rodgers
Texas State Bar No. 24041802
mrodgers@wmalaw.com
Michael A. Benefield
Texas State Bar No. 24073408
mbenefield@wmalaw.com
David Morehan
Texas State Bar No. 24065790
dmorehan@wmalaw.com
WILLIAMS, MORGAN & AMERSON, P.C.
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone: (713) 934-7000
Facsimile: (713) 934-7011

***Attorneys for Plaintiffs Azure Networks, LLC
and Tri-County Excelsior Foundation***