IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| AZURE NETWORKS, LLC AND, | § | |
| TRI-COUNTY EXCELSIOR FOUNDATION, | § | |
| | § | |
| PLAINTIFF | § | |
| v. | § | |
| | § | |
| CSR PLC, CAMBRIDGE SILICON | § | |
| RADIO INTERNATIONAL LLC, | § | |
| ATHEROS COMMUNICATIONS, | § | CIVIL ACTION NO. 6:11-CV-139 |
| INC., BROADCOM CORPORATION, | § | |
| MARVELL SEMICONDUCTOR, INC., | § | |
| QUALCOMM INCORPORATED, | § | |
| RALINK TECHNOLOGY CORPORATION | § | |
| [TAIWAN], RALINK TECHNOLOGY | § | |
| CORPORATION [USA], AND TEXAS | § | |
| INSTRUMENTS INC., | § | |
| | § | |
| DEFENDANTS. | § | |

DEFENDANT TEXAS INSTRUMENTS INCORPORATED'S
ANSWER AND COUNTERCLAIMS TO AZURE NETWORKS, LLC AND
TRI-COUNTY EXCELSIOR FOUNDATION'S ORIGINAL COMPLAINT

Defendant Texas Instruments Incorporated ("TI") hereby answers the Complaint for Patent Infringement of Azure Networks, LLC and Tri-County Excelsior Foundation ("Azure" or "TCEF" or "Plaintiffs") as follows:

**PARTIES**

1.   TI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and, therefore, denies them.

2. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and, therefore, denies them.

3. The allegations of paragraph 3 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3, and therefore denies them.

4. The allegations of paragraph 4 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4, and therefore denies them.

5. The allegations of paragraph 5 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5, and therefore denies them.

6. The allegations of paragraph 6 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6, and therefore denies them.

7. The allegations of paragraph 7 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7, and therefore denies them.

8. The allegations of paragraph 8 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8, and therefore denies them.

9. The allegations of paragraph 9 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, and therefore denies them.

10. The allegations of paragraph 10 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10, and therefore denies them.

11. The allegations of paragraph 11 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11, and therefore denies them.

12. The allegations of paragraph 12 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, and therefore denies them.

13. TI admits to the allegations contained in paragraph 13 of the Complaint.

## JURISDICTION AND VENUE

14. TI admits that the Complaint includes claims of patent infringement that arises under the patent laws of the United States, 35 U.S.C. § 101 *et seq.* TI admits that this Court has subject matter jurisdiction over this action.

15. Solely with respect to TI, TI admits that venue is proper.

16. Solely with respect to TI, TI admits that it is subject to this Court's personal jurisdiction.

## COUNT I
## DIRECT AND INDIRECT INFRINGEMENT OF U.S. PATENT NO. 7,756,129

17. From the face of the United States Patent 7,756,129, ("the '129 Patent"), the title and date of issuance seems to be as alleged in paragraph 17 of the Complaint. Beyond

that, TI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and, therefore, denies these allegations.

18. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and, therefore, denies these allegations.

19. The allegations of paragraph 19 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19, and therefore denies them.

20. The allegations of paragraph 20 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, and therefore denies them.

21. The allegations of paragraph 21 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21, and therefore denies them.

22. The allegations of paragraph 22 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22, and therefore denies them.

23. The allegations of paragraph 23 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23, and therefore denies them.

24. The allegations of paragraph 24 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24, and therefore denies them.

25. The allegations of paragraph 25 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25, and therefore denies them.

26. The allegations of paragraph 26 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26, and therefore denies them.

27. The allegations of paragraph 27 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27, and therefore denies them.

28. The allegations of paragraph 28 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28, and therefore denies them.

29. The allegations of paragraph 29 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29, and therefore denies them.

30. The allegations of paragraph 30 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30, and therefore denies them.

31. The allegations of paragraph 31 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31, and therefore denies them.

32. The allegations of paragraph 32 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32, and therefore denies them.

33. The allegations of paragraph 33 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33, and therefore denies them.

34. The allegations of paragraph 34 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34, and therefore denies them.

35. The allegations of paragraph 35 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35, and therefore denies them.

36. The allegations of paragraph 36 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36, and therefore denies them.

37. TI denies the allegations contained in paragraph 37, including but not limited to the allegations that it has directly infringed the '129 Patent.

38. TI denies the allegations contained in paragraph 38, including but not limited to the allegations that TI has been actively inducing infringement of the '129 Patent.

39. TI denies the allegations contained in paragraph 39, including but not limited to the allegations that TI has been contributing to infringement of the '129 Patent.

40. TI denies the allegations contained in paragraph 40 of the Complaint.

## PLAINTIFFS' PRAYER FOR RELIEF

TI denies that Plaintiffs are entitled to any of its requests for relief against TI.

## AFFIRMATIVE DEFENSES

TI's Affirmative Defenses are provided below. TI reserves the right to amend its Answer to add additional Affirmative Defenses.

### FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement)

41. TI does not and has not infringed any valid and enforceable claim of the '129 Patent literally, under the Doctrine of Equivalents, directly, indirectly, contributorily, by way of inducement, and/or via any other mechanism of liability.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

42. Each of the claims of the '129 Patent is invalid and/or unenforceable for failure to satisfy one or more of the conditions of patentability as set forth in 35 U.S.C. § 1 *et seq.*, including, but not limited to §§ 100, 101, 102, 103, and 112.

### THIRD AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

43. Plaintiffs are stopped from construing any valid claim of the '129 Patent to be infringed literally or by the Doctrine of Equivalents due to prosecution history estoppels, including but not limited to admissions or statements made to the United States Patent and Trademark Office ("USPTO") during prosecution of the patents in suit or because of the disclosure or language of the specification or claims thereof.

### FOURTH AFFIRMATIVE DEFENSE
### (Failure to Mark – Actual Notice)

44. To the extent that Plaintiffs, or any predecessors in interest to the '129 Patent failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that TI's actions actually infringed the '129 Patent, TI is not

liable to Plaintiffs for the acts alleged to have been performed before TI received notice that it was infringing the '129 Patent.

### FIFTH AFFIRMATIVE DEFENSE
### (Limitation on Damages)

45. Any claim by Plaintiffs for damages are limited under 35 U.S.C. §§ 286 or 287. Plaintiffs are barred under 35 U.S.C. § 287 from recovering damages prior to the date of the filing of the Complaint. Plaintiffs are barred by 35 U.S.C. § 288 from recovering costs associated with their action.

### SIXTH AFFIRMATIVE DEFENSE
### (License, Patent Exhaustion)

46. Plaintiffs' claims for patent infringement are precluded in whole or in part (i) to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, to TI or are imported, sold by, offered for sale by, made by, or made for, any entity or entities having express or implied licenses to the "129 Patent and/or (ii) under the doctrine of patent exhaustion.

### SEVENTH AFFIRMATIVE DEFENSE
### (Laches, Equitable Estoppel, Waiver)

47. Upon information and belief, Plaintiffs' claims for recovery are barred, in whole or in part, by the doctrines of laches, equitable estoppels, and/or waiver.

### COUNTERCLAIMS

48. TI has not directly or indirectly infringed, contributed to or induced infringement of any valid or enforceable claim of the '129 Patent, and has not otherwise committed any acts in violation of 35 U.S.C. §271.

49. The '129 Patent is invalid for failing to meet the conditions for patentability as set forth in 35 U.S.C. §§100, 101, 102, 103, and 112.

50. An actual controversy exists between TI and Plaintiffs concerning the alleged infringement and validity of the '129 Patent by virtue of Plaintiffs' complaint herein.

51. TI is entitled to judgment from this Court that the '129 Patent is not infringed by TI and that it is invalid.

52. This is an exceptional case entitling TI to an award of its attorney's fees incurred in connection with this action pursuant to 35 U.S.C. §285.

53. TI continues to investigate this matter and reserves the right to amend its Answer and/or Counterclaims to assert any additional defenses or counterclaims that come to light upon further investigation and discovery.

### PRAYER FOR RELIEF

WHEREFORE TI prays that:

54. the Court dismiss the Complaint against TI with prejudice;

55. the Court declare that TI has not and does not infringe the '129 Patent;

56. the Court declare that the '129 Patent is invalid;

57. the Court declare that Plaintiffs are not entitled to any remedy or relief whatsoever against TI;

58. the Court award TI its costs, together with reasonable attorneys fees and all of its expenses for this suit because this is an exceptional case under 35 U.S.C. §285; and

59. the Court award TI such other relief as this Court may deem just and proper.

        Respectfully submitted,

        */s/ Brendan Roth*
        Carl R. Roth
        cr@rothfirm.com
        Brendan C. Roth
        br@rothfirm.com
        Amanda A. Abraham
        aa@rothfirm.com
        THE ROTH LAW FIRM, P.C.
        115 N. Wellington, Suite 200
        Marshall, Texas 75670
        Telephone: (903) 935-1665
        Facsimile: (903) 935-1797

        **ATTORNEYS FOR DEFENDANT**
        **TEXAS INSTRUMENTS INCORPORATED**

<u>Of Counsel</u>
Jay C. Johnson
Larry C. Schroeder
Mark A. Valetti
TEXAS INSTRUMENTS INCORPORATED
P.O. Box 655474
Mail Station 3999
Dallas, TX 75265
Telephone: (972)917-5640
Facsimile: (972)917-4418

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this 23rd day of May, 2011. Any other counsel of record will be served by facsimile transmission and/or first class mail.

_____
Brendan C. Roth