**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| AZURE NETWORKS, LLC AND TRI-COUNTY EXCELSIOR FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>CSR PLC, CAMBRIDGE SILICON RADIO INTERNATIONAL LLC, ATHEROS COMMUNICATIONS, INC., BROADCOM CORPORATION, MARVELL SEMICONDUCTOR, INC., QUALCOMM INCORPORATED, RALINK TECHNOLOGY CORPORATION [TAIWAN], RALINK TECHNOLOGY CORPORATION [USA], and TEXAS INSTRUMENTS INC.,<br><br>Defendants | Civil Action No. 6:11-CV-00139 (LED)<br><br>Jury Trial Demanded |

**DEFENDANT QUALCOMM ATHEROS, INC.'S ANSWER AND COUNTERCLAIMS
TO AZURE NETWORKS, LLC AND TRI-COUNTY EXCELSIOR FOUNDATION'S
COMPLAINT**

Defendant Qualcomm Atheros, Inc.[1] ("Atheros") hereby answers the Complaint for Patent Infringement of Azure Networks, LLC and Tri-County Excelsior Foundation ("Azure" or "Plaintiffs") as follows, denying Plaintiffs' allegations and averments except that which is expressly admitted herein:

**PARTIES**

1. Atheros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1, and therefore denies them.

---

[1] In connection with its acquisition by Qualcomm Incorporated, Defendant Atheros Communications, Inc. was renamed Qualcomm Atheros, Inc.

2. Atheros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2, and therefore denies them.

3. Atheros is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3, and therefore denies them.

4. Atheros is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4, and therefore denies them.

5. Atheros is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5, and therefore denies them.

6. Atheros denies that Atheros Communications, Inc. exists under that name. Atheros avers that Atheros Communications, Inc. was renamed Qualcomm Atheros, Inc. Atheros denies the remaining allegations of paragraph 6.

7. Atheros is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7, and therefore denies them.

8. Atheros is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8, and therefore denies them.

9. Atheros admits the allegations of paragraph 9.

10. Atheros is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10, and therefore denies them.

11. Atheros is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11, and therefore denies them.

12. Atheros is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, and therefore denies them.

13. Atheros is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13, and therefore denies them.

## JURISDICTION AND VENUE

14. Atheros admits that the Complaint purports to state a cause of action that arises under the patent laws of the United States, Title 35 of the United States Code. Atheros admits that this Court has subject matter jurisdiction over this action.

15. With respect to Atheros and Qualcomm Incorporated, Atheros (i) denies that it or Qualcomm Incorporated have committed acts of patent infringement in this District, (ii) admits that venue is proper under 28 U.S.C. §§ 1391(c), 1400(b) in this District, (iii) but avers that venue is not the most convenient district for the parties or the witnesses. Atheros is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 regarding the other defendants in this suit, and therefore denies them.

16. Atheros admits that it and Qualcomm Incorporated are subject to this Court's personal jurisdiction. Atheros denies the remaining allegations related to Atheros and Qualcomm Incorporated in paragraph 16. Atheros is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 regarding the other defendants, and therefore denies them.

## COUNT I
## DIRECT AND INDIRECT INFRINGEMENT OF U.S. PATENT NO. 7,756,129

17. Atheros admits that United States Patent 7,756,129 ("the '129 Patent") is entitled "Personal Area Network with Automatic Attachment and Detachment" and states on its face an issue date of July 13, 2010. Atheros is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17, and therefore denies them.

18. Atheros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18, and therefore denies them.

19. Atheros is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19, and therefore denies them.

20. Atheros is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, and therefore denies them.

21. Atheros is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21, and therefore denies them.

22. Atheros denies the allegations of paragraph 22.

23. Atheros denies the allegations of paragraph 23.

24. Atheros denies the allegations of paragraph 24.

25. Atheros is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25, and therefore denies them.

26. Atheros is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26, and therefore denies them.

27. Atheros is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27, and therefore denies them.

28. Atheros is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28, and therefore denies them.

29. Atheros is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29, and therefore denies them.

30. Atheros is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30, and therefore denies them.

31. Atheros denies the allegations of paragraph 31.

32. Atheros denies the allegations of paragraph 32.

33. Atheros denies the allegations of paragraph 33.

34. Atheros is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34, and therefore denies them.

35. Atheros is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35, and therefore denies them.

36. Atheros is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36, and therefore denies them.

37. Atheros is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37, and therefore denies them.

38. Atheros is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38, and therefore denies them.

39. Atheros is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39, and therefore denies them.

40. Atheros denies the allegations related to Atheros and Qualcomm Incorporated in paragraph 40. Atheros is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 regarding the other defendants, and therefore denies them.

## PLAINTIFFS' PRAYER FOR RELIEF

Atheros denies that Plaintiffs are entitled to any of their requested relief against Atheros or Qualcomm Atheros, Inc.

## **AFFIRMATIVE DEFENSES**

Upon information and belief, Qualcomm alleges and asserts the following defenses, affirmative or otherwise, without assuming any burden of proof that it would not otherwise have. In addition to the affirmative defenses described below and subject to its responses above, Qualcomm specifically reserves all rights to allege additional defenses that become known through the course of discovery.

### **FIRST AFFIRMATIVE DEFENSE**
### **(Non-Infringement)**

41. Atheros has not infringed and does not infringe, literally or under the doctrine of equivalents, directly or indirectly, any valid and enforceable claim of the '129 patent.

### **SECOND AFFIRMATIVE DEFENSE**
### **(Invalidity)**

42. Each of the claims of the '129 Patent is invalid and/or unenforceable for failure to satisfy one or more of the conditions of patentability as set forth in 35 U.S.C. § 1 *et seq.*, including, but not limited to §§ 100, 101, 102, 103, and 112.

### **THIRD AFFIRMATIVE DEFENSE**
### **(Prosecution History Estoppel)**

43. Plaintiffs are barred or limited from recovery in whole or in part by the doctrine of prosecution history estoppel.

### **FOURTH AFFIRMATIVE DEFENSE**
### **(Limitation on Damages)**

44. Plaintiffs' claim for damages is limited under 35 U.S.C. § 287.

### **FIFTH AFFIRMATIVE DEFENSE**
### **(License, Patent Exhaustion)**

45. Plaintiffs' claims for patent infringement are precluded in whole or in part (i) to the extent that any allegedly infringing products or components thereof are supplied, directly or

indirectly, to Atheros or are imported, sold by, offered for sale by, made by, or made for, any entity or entities having express or implied licenses to the '129 Patent and/or (ii) under the doctrine of patent exhaustion.

## COUNTERCLAIMS

Atheros asserts the following declaratory relief counterclaims against Azure:

### PARTIES

46.     Defendant and Counterclaimant Qualcomm Atheros, Inc. is a Delaware corporation having its principal place of business in San Jose, California.

47.     Upon information and belief, Azure Networks, LLC is a Texas limited liability company having its principal place of business in Longview, Texas.

48.     Upon information and belief, Tri-County Excelsior Foundation is a Texas non-profit corporation having its principal place of business in Marshall, Texas.

### JURISDICTION AND VENUE

49.     This Court has jurisdiction over Atheros's Declaratory Judgment claims pursuant to 28 U.S.C. §§ 2201-2202 and subject matter jurisdiction over patent infringement and validity pursuant to 28 U.S.C. §§ 1331 and 1338(a). An actual, substantial, and continuing justiciable controversy exists between Atheros and Azure based on Azure having filed a Complaint against Atheros alleging infringement of the '129 patent, with respect to which Atheros requires a declaration of its rights by this Court. Specifically, the controversy concerns the invalidity and noninfringement of the '129 patent and the right of Azure to maintain suit for alleged infringement of the '129 patent.

50.     Atheros has not directly or indirectly infringed, contributed to or induced infringement of any valid or enforceable claim of the '129 Patent, and has not otherwise committed any acts in violation of 35 U.S.C. § 271.

51.     The Court has personal jurisdiction over Azure, inter alia, because Azure has submitted to the personal jurisdiction of this Court by filing the Complaint here.

52.     Venue is proper in this District pursuant to 28 U.S.C. §§1391(b) and 1400(b), inter alia, because Azure has submitted to the venue of this Court by filing its Complaint here. This District is not the most convenient district for the parties or the witnesses.

### FIRST COUNTERCLAIM
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT

53.     Atheros incorporates the allegations of paragraphs 46-52.

54.     Atheros has not infringed, and is not infringing, literally or under the doctrine of equivalents, directly or indirectly, any valid and enforceable claim of the '129 patent.

55.     An actual case or controversy exists between Atheros and Azure based on Azure having filed its Complaint against Atheros alleging infringement of the '129 patent.

56.     Atheros has been injured and damaged by Azure filing its Complaint asserting a patent that Atheros does not infringe.

57.     Atheros therefore seeks a declaration that it has not infringed, and does not infringe, literally or under the doctrine of equivalents, directly or indirectly, any valid and enforceable claim of the '129 patent.

### SECOND COUNTERCLAIM
### DECLARATORY JUDGMENT OF INVALIDITY

58.     Atheros incorporates the allegations of paragraphs 46-57.

59.     The '129 Patent is invalid for failing to meet the conditions for patentability as set forth in 35 U.S.C. § 1 *et seq.*, including, but not limited to §§ 100, 101, 102, 103, and 112.

60.     An actual case or controversy exists between Atheros and Azure based on Azure having filed its Complaint against Atheros alleging infringement of the '129 Patent.

61. Atheros has been injured and damaged by Azure filing its Complaint asserting an invalid patent.

62. Atheros therefore seeks a declaration that the '129 Patent is invalid for failing to meet the conditions for patentability as set forth in 35 U.S.C. § 1 *et seq.*

**PRAYER FOR RELIEF**

WHEREFORE Atheros prays that:

A. The Court dismiss the Complaint against Atheros with prejudice;

B. The Court declare that Atheros has not and does not infringe any valid claim of the '129 Patent;

C. The Court declare that the '129 Patent is invalid;

D. The Court declare that Plaintiffs are not entitled to any remedy or relief whatsoever against Atheros;

E. The Court award Atheros its costs, together with reasonable attorneys' fees and all of its expenses for this suit because this is an exceptional case under 35 U.S.C. § 285; and

F. The Court award Atheros such other relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Atheros requests a trial by jury for all issues so triable.

Dated: July 20, 2011  Respectfully submitted,

*/s/ Timothy S. Teter, with permission by*
*Michael E. Jones*
Timothy S. Teter (CA SBN 171451)
teterts@cooley.com
Matthew Brigham (CA SBN 191428)
mbrigham@cooley.com
**COOLEY LLP**
3175 Hanover Street
Palo Alto, CA 94304
Tel: (650) 843-5000
Fax: (650) 849-7400

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com
Potter Minton, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

*Attorneys for Defendants Qualcomm Atheros, Inc.*
*and Qualcomm Incorporated*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service and are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 20, 2011. Any other counsel of record will be served by First Class U.S. mail on this same date.

*/s/ Michael E. Jones*
Michael E. Jones

952318/HN