**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| AZURE NETWORKS, LLC and TRI-COUNTY EXCELSIOR FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>CSR PLC, CAMBRIDGE SILICON RADIO INTERNATIONAL LLC, ATHEROS COMMUNICATIONS, INC., BROADCOM CORPORATION, MARVELL SEMICONDUCTOR, INC., QUALCOMM INCORPORATED, RALINK TECHNOLOGY CORPORATION [TAIWAN], RALINK TECHNOLOGY CORPORATION [USA], and TEXAS INSTRUMENTS INC.,<br><br>Defendants. | CASE NO. 6:11-CV-139<br><br>Hon. Leonard Davis<br><br>JURY TRIAL DEMANDED |

**DEFENDANT BROADCOM CORPORATION'S ANSWER,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS IN RESPONSE TO AZURE
NETWORKS LLC AND TRI-COUNTY EXCELSIOR FOUNDATION'S COMPLAINT**

Defendant Broadcom Corporation ("Broadcom") answers plaintiffs Azure Networks, LLC's and Tri-County Excelsior Foundation's (collectively, "Azure Plaintiffs") Complaint as follows, denying Azure Plaintiffs' allegations and averments except that which is expressly admitted herein:.

**PARTIES**

1. Broadcom is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefore denies them.

2. Broadcom is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, and therefore denies them.

3. The allegations of paragraph 3 are not directed to Broadcom, and therefore no answer is required.

4. The allegations of paragraph 4 are not directed to Broadcom, and therefore no answer is required.

5. The allegations of paragraph 5 are not directed to Broadcom, and therefore no answer is required.

6. The allegations of paragraph 6 are not directed to Broadcom, and therefore no answer is required.

7. Broadcom admits that it is a California corporation with its principal place of business in Irvine, California.

8. The allegations of paragraph 8 are not directed to Broadcom, and therefore no answer is required.

9. The allegations of paragraph 9 are not directed to Broadcom, and therefore no answer is required.

10. The allegations of paragraph 10 are not directed to Broadcom, and therefore no answer is required.

11. The allegations of paragraph 11 are not directed to Broadcom, and therefore no answer is required.

12. The allegations of paragraph 12 are not directed to Broadcom, and therefore no answer is required.

13. The allegations of paragraph 13 are not directed to Broadcom, and therefore no answer is required.

**JURISDICTION AND VENUE**

14. Broadcom admits that the Azure Plaintiffs' Complaint purports to state a cause of action under the Patent Laws of the United States, Title 35, United States Code. Broadcom further admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

15. Broadcom admits that some downstream products containing Broadcom chips are sold in this district, but denies that it has committed acts of patent infringement in this district, either directly or indirectly. Further, paragraph 15 states a legal conclusion with respect to venue, to which no response is required. Broadcom further states that even if venue were proper in this district, it is inconvenient. Broadcom lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 15 concerning other defendants, and on that basis denies such allegations. Broadcom denies the remaining allegations of paragraph 15.

16. Broadcom admits that some downstream products containing Broadcom chips are sold in this district, but denies the remaining allegations of paragraph 16. Further, paragraph 16 states a legal conclusion with respect to specific and general personal jurisdiction, to which no response is required. Broadcom lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 16 concerning other defendants, and on that basis denies such allegations.

**COUNT 1: DIRECT AND INDIRECT INFRINGEMENT OF U.S. PATENT NO. 7,756,129**

17. Broadcom admits that U.S. Patent No. 7,756,129 (the "'129 patent") is entitled "Personal Area Network with Automatic Attachment and Detachment," that the '129 patent bears an issuance date of July 13, 2010, and that a purported copy of the '129 patent is attached as Exhibit A to the Complaint. Broadcom denies all other allegations of paragraph 17.

18. Denied.

19. The allegations of paragraph 19 are not directed to Broadcom, and therefore no answer is required.

20. The allegations of paragraph 20 are not directed to Broadcom, and therefore no answer is required.

21. The allegations of paragraph 21 are not directed to Broadcom, and therefore no answer is required.

22. The allegations of paragraph 22 are not directed to Broadcom, and therefore no answer is required.

23. The allegations of paragraph 23 are not directed to Broadcom, and therefore no answer is required.

24. The allegations of paragraph 24 are not directed to Broadcom, and therefore no answer is required.

25. Denied.

26. Denied.

27. Denied.

28. The allegations of paragraph 28 are not directed to Broadcom, and therefore no answer is required.

29. The allegations of paragraph 29 are not directed to Broadcom, and therefore no answer is required.

30. The allegations of paragraph 30 are not directed to Broadcom, and therefore no answer is required.

31. The allegations of paragraph 31 are not directed to Broadcom, and therefore no answer is required.

32. The allegations of paragraph 32 are not directed to Broadcom, and therefore no answer is required.

33. The allegations of paragraph 33 are not directed to Broadcom, and therefore no answer is required.

34. The allegations of paragraph 34 are not directed to Broadcom, and therefore no answer is required.

35. The allegations of paragraph 35 are not directed to Broadcom, and therefore no answer is required.

36. The allegations of paragraph 36 are not directed to Broadcom, and therefore no answer is required.

37. The allegations of paragraph 37 are not directed to Broadcom, and therefore no answer is required.

38. The allegations of paragraph 38 are not directed to Broadcom, and therefore no answer is required.

39. The allegations of paragraph 39 are not directed to Broadcom, and therefore no answer is required.

40. Denied as to Broadcom. Broadcom is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 regarding the other defendants, and therefore denies them.

## **PRAYER FOR RELIEF**

Broadcom denies that the Azure Plaintiffs are entitled to any of the relief requested in it prayer for relief or any relief whatsoever.

## DEMAND FOR JURY TRIAL

Broadcom joins the Azure Plaintiffs' request for a trial by jury on all issues so triable in this action.

## AFFIRMATIVE DEFENSES

In addition to the affirmative defenses described below, Broadcom specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

## FIRST DEFENSE

(Failure to State a Claim for Relief)

1. The Azure Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

(Non-infringement of the '129 Patent)

2. Broadcom does not infringe and has not infringed (either directly, contributorily, or by inducement) any valid claim of the '129 patent, either literally or under the doctrine of equivalents.

## THIRD DEFENSE

(Prosecution history estoppel and/or prosecution disclaimer)

3. Prosecution history estoppel and/or prosecution disclaimer precludes any finding of infringement.

## FOURTH DEFENSE

(Invalidity)

3. The claims of the '129 patent are invalid for failure to satisfy one or more of the requirements of Sections 100 *et seq.*, 101, 102, 103, and 112 of Title 35 of the United States Code.

## FIFTH DEFENSE

(Waiver, laches and/or estoppel)

4. The claims for relief are barred, in whole or in part, by waiver, laches, and/or estoppel.

## SIXTH DEFENSE

(Unclean hands)

5. The claims of the '129 patent are unenforceable due to unclean hands.

## SEVENTH DEFENSE

(License)

6. The Azure Plaintiffs' claims for patent infringement are precluded in whole or in part to the extent that any allegedly infringing products or components thereof are licensed under the '129 patent.

## EIGHTH DEFENSE

7. To the extent the alleged invention has been used or manufactured by or for the United States, the claims for relief are barred by 28 U.S.C. § 1498.

## COUNTERCLAIMS

Broadcom incorporates herein by reference the admissions, allegations, denials, and Affirmative Defenses contained in its Answer above as if fully set forth herein. For its Counterclaims against the Azure Plaintiffs and upon information and belief, Broadcom states as follows:

## THE PARTIES

1. Defendant Broadcom Corporation ("Broadcom") is a California corporation with its principal place of business at 5300 California Avenue, Irvine, CA. 92617.

2. Azure alleges in the Complaint that it is a Texas limited liability corporation with its principal place of business in Longview, Texas.

3. TCEF alleges in the Complaint that it is a Texas corporation having its principal place of business in Marshall, Texas.

## JURISDICTION AND VENUE

4. Broadcom brings these counterclaims under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq., for a declaratory judgment pursuant to §§ 2201-02 that the '129 Patent has not been infringed and is not being infringed by Broadcom and that the '129 Patent is invalid.

5. Subject to Broadcom's affirmative defenses and denials, Broadcom alleges that to the extent this Court has jurisdiction over the Azure Plaintiffs' claims against Broadcom, this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

6. This Court has personal jurisdiction over the Azure Plaintiffs.

7. To the extent that venue over the Azure Plaintiffs' claims is found to be proper, venue is proper in this District for these Counterclaims pursuant to 28 U.S.C. § 1391(b)–(c).

## FACTUAL BACKGROUND

8. In their Complaint, the Azure Plaintiffs assert that Broadcom has infringed U.S. Patent Nos. 7,756,129 (the "'129 patent").

9. The '129 Patent is invalid and/or has not been and is not being infringed by Broadcom, either directly or indirectly, literally or under the doctrine of equivalents.

10. There is an actual case or controversy between the parties over the noninfringement and invalidity of the '129 Patent.

## COUNT ONE

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,756,129

11. Broadcom restates and incorporates by reference its allegations in paragraphs 1 through 10 of its Counterclaims.

12. An actual case or controversy exists between Broadcom and the Azure Plaintiffs as to whether the '129 patent is not infringed by Broadcom.

13. A judicial declaration is necessary and appropriate so that Broadcom may ascertain its rights regarding the '129 patent.

14. Broadcom has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '129 patent.

## COUNT TWO

### Declaratory Judgment of Invalidity of U.S. Patent No. 7,756,129

15. Broadcom restates and incorporates by reference its allegations in paragraphs 1 through 14 of its Counterclaims.

16. An actual case or controversy exists between Broadcom and the Azure Plaintiffs as to whether the '129 patent is invalid.

17. A judicial declaration is necessary and appropriate so that Broadcom may ascertain its rights as to whether the '129 patent is invalid.

18. The '129 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.,* 101, 102, 103, and 112.

## PRAYER FOR RELIEF

WHEREFORE, Broadcom prays for judgment as follows:

a. A judgment dismissing the Azure Plaintiffs' complaint against Broadcom with prejudice;

b. A judgment in favor of Broadcom on all of its Counterclaims;

c. A declaration that Broadcom has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claims of the '129 patent;

d. A declaration that the '129 patent is invalid;

e. A declaration that this case is exceptional and an award to Broadcom of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;

f. Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, Broadcom respectfully demands a jury trial of all issues triable to a jury in this action.

Dated:  July 20, 2011                                          Respectfully submitted,

By: */s/ Joseph K. Liu, with permission by Michael E. Jones*
   Joseph K. Liu
   California Bar No. 216227
   jliu@onellp.com
   **ONE LLP**
   4000 MacArthur Blvd.
   West Tower, Suite 1100
   Newport Beach, CA 92660
   Tel: (949) 502-2875
   Fax: (949) 258-5081

   Michael E. Jones
   State Bar No. 10929400

mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com
Potter Minton, P.C.
110 N. College Ave., Suite 500
Tyler, Texas  75702
Tel: (903) 597-8311
Fax: (903) 593-0846

**ATTORNEYS FOR DEFENDANT
BROADCOM CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service and are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 20, 2011.  Any other counsel of record will be served by First Class U.S. mail on this same date.

*/s/ Michael E. Jones*
Michael E. Jones
