IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

DATE: 12/20/12

| JUDGE | REPORTER: Jan Mason |
|---|---|
| JOHN LOVE | LAW CLERK: Jenna Smith |

| AZURE NETWORKS LLC, ET AL<br>Plaintiff | CIVIL ACTION NO: 6:11CV139 |
|---|---|
| vs. | |
| CSR PLC, ET AL<br>Defendant | *Markman Hearing* |

| ATTORNEY FOR PLAINTIFF | ATTORNEY FOR DEFENDANT |
|---|---|
| Refer to Attorney-Sign In Sheet | Refer to Attorney Sign-In Sheet |

On this day, came the parties by their attorneys and the following proceedings were had:

OPEN: 1:38 pm          ADJOURN: 4:08 pm

| TIME: | MINUTES: |
|---|---|
| 1:38 pm | Case called. Parties introduced themselves and stated they are ready to proceed. |
| | The Court stated we are hear for a claim construction hearing. You have the chart the Court prepared. The Court does not care how the parties want to proceed. Parties have 3 hours for the hearing. We usually jump right into the first term on the list. Some terms may not need to be argued if agreed. |
| | Mr. Albritton stated there is counsel that may have to slip out during the hearing to catch their plane. |
| | The Court stated that was fine. Let's begin. |
| 1:41 pm | Mr. Cravey began argument on first claim term, "MAC address". MAC addresses operate to uniquely identify devices in a network. MAC addresses are described in the specification as identifying one or more devices in a data network. In a related patent, the patentee demonstrated the ability to expressly claim "generating a new address". Discussion made on claim 14, element 3. |

DAVID J. MALAND, CLERK

FILED: 12/20/12

BY: *Mechele Morris*, Courtroom Deputy

PAGE 2 - Proceedings Continued

| TIME: | MINUTES: |
|---|---|
| 2:12 pm | Mr. Massa began argument on behalf of the defendant of claim term "MAC address". Creation and assignment of MAC addresses by the hub device is critical to the alleged invention of the '129 patent. As used in the '129 patent, MAC addresses are created and assigned by the hub device. Discussion made on figure 1 of the "129 patent. |
| 2:25 pm | Mr. Cravey further addressed the "MAC address". Mr. Massa further responded. Mr. Cravey further argued term. Defendants "created by" limitation is notably absent from the patent claims and specification. In certain embodiments the patentee discloses "generating a new address". The term should be construed in its ordinary meaning. |
| | The Court will go to |
| 2:34 pm | Mr. Tompros began argument on behalf of the defendant of claim terms "capable". The bounds of the claim are undefined. The terms are indefinite. Discussion made on what is being identified on these terms. Plaintiffs alternative construction is itself indefinite. Defendants proposal reflects the structure of the claims. |
| 2:47 pm | Mr. Cravey began argument on behalf of the plaintiffs as to the "capable" terms. Discussion made on the heavy burden defendants motion carries. The disputed phrases should be considered in the context of the claims in which they appear. The claims define the boundaries of the phrases. The claims and the specification are answered by defendants inquiries. The asserted claims specify two ways of identifying peripheral devices; peripheral device identifier and MAC address. Reference made to claims 14, 27, 43 and 221. |
| 2:59 pm | Mr. Massa began argument on behalf of defendants. The asserted claim focus on the "attachment" process between the hub and peripheral devices. Defendants proposal reflects the structure of the claims. |
| 3:03 pm | The Court will take a 5 minute break and resume with next term. |
| 3:20 pm | The Court will go to the next term. |
| 3:20 pm | Mr. Cravey stated during the break the parties agreed that the second portion of "availability hub", that there is no construction is necessary. He began argument on "availability of the hub device for peripheral device attachment". Rather than construe the phrase, defendants proposed construction alters the scope of the claim. The specification discloses that he claimed message indicates the hub's availability to attach to an unattached peripheral device. |
| 3:35 pm | Mr. Konrad began argument as the "availability term. Nothing in the claim language for the specification supports such a narrowing claim. The parties agree that the message is broadcast to all peripheral devices in the PAN. The "availability" terms appear in claim elements (I) and (ii) which describe two different messages. |
| 3:43 pm | Mr. Cravey responded and further argued term. |
| 3:46 pm | The Court will now move to "virtual entities". |
| | Mr. Cravey began argument on the proposed construction. |

PAGE 3 - Proceedings Continued

| TIME: | MINUTES: |
|---|---|
| 3:49 pm | Mr. Brigham began argument on the proposed construction. They are willing to accept the Court's construction. Discussion made on the claim language and the specification. "Simulation" should not be included in the construction. Mr. Cravey further responded. Discussion made on the extrinsic references of "virtual entities". It is well understood in the computer arts. |
| 3:55 pm | Mr. Massa began argument on "additional identifiers". Discussion made on what the parties do agree on. |
| 3:58 pm | Mr. Cravey began argument on the "capable" phrases. Discussion made on "additional identifiers" claim. Mr. Massa further argued term. Mr. Cravey further responded. |
| 4:05 pm | Mr. Brigham stated they can agree with the Court's construction. Mr. Cravey will agree as well. |
|  | The Court will move on to the next term "controlling retransmission. |
|  | Mr. Cravey stated they are fine with the Court's construction. Mr. Brigham is fine as well. |
|  | We will move to the last term. |
|  | Mr. Tompros stated they agreed with the Court's construction On "separate class of MAC address". Mr. Cravey is fine as well. |
| 4:08 pm | There being nothing further, Court is adjourned. |