IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **AZURE NETWORKS, LLC et al.,** | § § | |
| vs. | § § | NO. 6:11cv139 MHS-JDL |
| | § | PATENT CASE |
| **CSR PLC, et al.** | § | |

ORDER OVERRULING OBJECTIONS AND
DENYING MOTIONS FOR RECONSIDERATION

The above entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. The Memorandum Opinion and Order of the Magistrate Judge (Doc. No. 266) ("Opinion"), which contains his construction of disputed terms in U.S. Patent Nos. 7,756,129 ("the '129 Patent"), has been presented for consideration. Plaintiff Azure Networks, LLC ("Azure") has filed objections and a motion for reconsideration to the Opinion (Doc. No. 273) ("AZURE OBJ.") and Defendants CSR plc, Cambridge Silicon Radio International, LLC, Atheros Communications, Inc., Broadcom Corporation, Marvell Semiconductor, Inc., Qualcomm Incorporated, Ralink Technology Corporation [Taiwan], Ralink Technology Corporation [USA], and Texas Instruments, Inc. (collectively "Defendants") have also filed objections and a motion for reconsideration to the Opinion pursuant to Federal Rule of Civil Procedure 72(a) (Doc. No. 272) ("DEFS.' OBJ."). For the reasons set forth below, the Court adopts the Magistrate Judge's opinion with the following clarifications.

    a. **"MAC Address"**

Azure objects to the Magistrate Judge's construction of the term "MAC address," arguing that the patentee did not act as his own lexicographer and requesting that the Court clarify that the term "generated," as it is used in the Magistrate Judge's construction, encompasses

1

"selected," "assigned," and "created". AZURE OBJ. at 2–3. As to the lexicography issue, the Court agrees with the Magistrate Judge's finding that the patentee did act as his own lexicographer, expressly defining "MAC address" as "Media Access address" as opposed to the customary "Medium Access Control address." '129 Patent at 3:32. Along these lines, the Court also agrees with the Magistrate Judge's finding that what is defined and consistently disclosed is a MAC address that originates with the hub device, such that it is not universally assigned at the time of manufacture. OPINION at 8–9. To that extent, the Court clarifies the construction; what is articulated by the use of the word "generated" in the construction, is the finding that the MAC address must be created or assigned by the hub device. That is not to limit the term to a preferred embodiment or foreclose a particular disclosure, but to construe it broadly in light of the consistent disclosure that the MAC address, as defined by the patentee, is not universally assigned at the time of manufacture, but rather originates with the hub device. Therefore, the Court adopts the Magistrate Judge's construction of "MAC address" as "a device identifier generated by the hub device."

    **b. "availability of the hub device for peripheral device attachment"**

Azure also objects to the Magistrate Judge's construction of "availability of the hub device for peripheral device attachment" as limiting the phrase to a disclosed embodiment. AZURE OBJ. at 13–15. The Court finds that the Magistrate Judge's construction of this claim limitation does not limit the claim in the manner Azure suggests. By construing the phrase "availability of the hub device for peripheral device attachment" as "availability of the hub device for attachment to any peripheral device," the construction reflects the broad drafting of the claim as recited, "send a message to indicate the availability of the hub device for peripheral device attachment." '129 patent at 44–45. The Magistrate Judge's construction merely reflects

the claim language and consistent disclosure that the message is not required to be sent to a certain device, but rather, is broadly recited for "peripheral device attachment." OPINION at 17–18. Therefore, the Court adopts the Magistrate Judge's construction of "availability of the hub device for peripheral device attachment" as "availability of the hub device for attachment to any peripheral device."

### c. Capable phrases

Defendants object to the Magistrate Judge's construction of the "capable of" phrases. DEFS.' OBJ. at 4–6. Having reviewed the parties' submissions, the Court is of the opinion that the constructions of the Magistrate Judge are correct.

### d. Additional Identifiers

Defendants object to the Magistrate Judge's construction of the "additional identifiers." DEFS.' OBJ. at 7–8. Having reviewed the parties' submissions, the Court is of the opinion that the constructions of the Magistrate Judge are correct.

Accordingly, the Court **ADOPTS** the Opinion of the United States Magistrate Judge as the opinion of this Court, with the above clarifying comments. All objections are overruled and all motions for reconsideration are **DENIED**.

**It is SO ORDERED.**

**SIGNED this 17th day of May, 2013.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE